64 F.3d 676
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jack H. HOCKER, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 95-3155.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1995.
Rehearing Denied Sept. 11, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Jack H. Hocker (Hocker) seeks review of the September 26, 1994 initial decision of the Merit Systems Protection Board's (Board) Administrative Judge (AJ), Docket No. SF-0752-91-0971-B-1, dismissing Hocker's appeal based on a settlement agreement reached between Hocker and the Department of Transportation (agency). The AJ's decision became the final decision of the Board on October 31, 1994 when neither party petitioned for review. We affirm.
 
 DISCUSSION
 I. Background
 
 2
 This case began in 1991 when Hocker appealed his removal from the position of Aviation Safety Inspector by the Federal Aviation Administration. The removal was reversed based on a finding of handicap discrimination in an initial decision which became a final Board decision on January 23, 1992. In that decision, the Board ordered the agency to "make a thorough and bona fide effort to accommodate the appellant's condition and medication" including "an extensive written assessment of the feasibility of placing the appellant in an APPM [Accident Prevention Program Manager] position with a waiver of the certification requirement."
 
 
 3
 Subsequently, Hocker filed two separate petitions to enforce that decision, the second dated January 7, 1993, arguing that the feasibility assessments produced by the agency inadequately addressed the requirements of the decision. Hocker additionally alleged reprisal and moved for an award of compensatory damages under the Civil Rights Act of 1991.
 
 
 4
 In response to the second petition, the Board issued an Opinion and Order on July 12, 1994 (July Opinion). The July Opinion upheld the AJ's April 16, 1993 recommended decision finding no reprisal, and reversed in part finding that Hocker may be entitled to compensatory damages for discrimination which occurred after enactment of the Civil Rights Act of 1991. The case was remanded to the regional office for further proceedings. Subsequently, on September 26, 1994, the AJ issued an initial decision dismissing Hocker's appeal based on a settlement agreement entered into between the parties.
 
 II. Standard of Review
 
 5
 Title 5, section 7703, of the United States Code strictly limits and defines our review of Board decisions. We must affirm the Board's decision unless it is:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 10
 A settlement agreement is a contract. Thus, interpretation of its terms is a question of law which we review de novo. Greco v. Department of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988).
 
 III. Analysis
 
 11
 In this appeal, Hocker seeks review of the July Opinion, specifically with respect to the reprisal and compensatory damages issues addressed there. In fact, in his reply brief, Hocker asserts that "[t]he issue of this petition is not that the Board abused its discretion in dismissing the petitioner's petition for enforcement but that the Board's July Opinion is insufficient." (emphasis in original)
 
 
 12
 Hocker, however, ignores the effect of the settlement agreement he entered into with the agency. "Settlement agreements, like all contracts, should be interpreted to carry out the parties' collective intent. Here the intent was to end the dispute." Greco, 852 F.2d at 561. Indeed the settlement agreement at issue states:
 
 
 13
 Appellant agrees to withdraw the above-captioned appeal in its entirety and hereby waives all claims, all rights to further administrative proceedings, and all rights to file a civil action against the United States Department of Transportation which arise out of Appellant's Motion for Enforcement of Board's Order, dated January 7, 1993, except as may be necessary to enforce the terms of this agreement.
 
 
 14
 The July Opinion was a direct result of Hocker's January 7, 1993 Motion for Enforcement of Board's Order. The very terms of the settlement agreement therefore explicitly preclude any further claim Hocker may have had with respect to the July Opinion.[1]
 
 
 15
 Additionally, Hocker does not allege that the settlement agreement "is tainted with invalidity, either by fraud practiced upon him or by mutual mistake under which both parties acted." Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 630 (1948). Absent such proof, the settlement agreement is binding on the parties. Accordingly, the Board's dismissal of Hocker's appeal based on the settlement agreement must be affirmed.
 
 
 
 [1]
 As we find that the settlement agreement precludes Hocker's appeal, we need not address the finality of the July Opinion or the timeliness of Hocker's appeal, issues raised by the government