NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3193

KATHY J. GILLESPIE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  February 15, 2006
_____

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Kathy J. Gillespie appeals from a decision of the Merit Systems Protection Board, Docket No. SF-0752-00-0671-C-1.  The Board dismissed as moot her petition to enforce a settlement agreement.  Because we agree with both parties that the Board erroneously required a showing of material breach of the agreement as a condition of reinstating Ms. Gillespie's prior appeal from her removal action, we vacate the Board's decision and remand this case to the Board with instructions to reinstate Ms. Gillespie's prior appeal.

BACKGROUND

Ms. Gillespie worked as a contract specialist for the Department of the Navy until she was removed from her position in May 2000. She appealed to the Board from the removal action, and that appeal was resolved with a settlement agreement. The settlement agreement provided, inter alia, that she would withdraw her appeal and resign her position. For its part, the agency agreed that it would "cancel and purge from the appellant's Official Personnel Folder (OPF) the Notification of Personnel Action (SF-50) form that removed her from her position," and would remove all other termination documents from other agency files; that it would remove from the agency's files all references regarding her performance improvement plan; and that it would "issue a 1999 and 2000 performance appraisal indicating the appellant passed" and would so advise any third party. The agreement further provided that the parties agreed "that if the agency or the appellant does not carry out, or rescind any action specified by the terms of this Agreement for any reason not attributable to the acts or conduct of the appellant or the agency, the Merit Systems Protection Board shall, upon written request of the appellant or the agency, reinstate this appeal for further processing."

In 2003, Ms. Gillespie inspected her OPF. She alleges that she discovered that the personnel folder contained a copy of the form SF-50 evidencing her removal, as well as copies of the settlement agreement and the Board's decision dismissing her appeal as settled. In addition, she alleges that her personnel file did not contain the revised 1999 and 2000 performance appraisals that the agency had agreed to prepare.

Believing that the agency had breached the settlement agreement, Ms. Gillespie filed a petition for review with the Board in which she sought reinstatement of her prior

05-3193                                        2

appeal from the removal action against her. The Board treated her petition as a petition for enforcement of the settlement agreement and referred the petition to an administrative judge.

The administrative judge found that the agency had breached the settlement agreement because, as of July 8, 2003, it had not purged the relevant form SF-50 from Ms. Gillespie's OPF and because her OPF contained copies of the settlement agreement and the Board's initial decision accepting that agreement. With respect to Ms. Gillespie's argument as to the performance appraisals, the administrative judge found that the agency issued the appraisals in question, and because it was not required to retain those appraisals in Ms. Gillespie's OPF, she had failed to show a breach of that provision of the settlement agreement.

Although the administrative judge found that the agency had breached the agreement, he concluded that the agency's breach was not material and that she was therefore not entitled to rescission of the agreement. He explained that Ms. Gillespie had subsequently been employed elsewhere in the agency and that her hiring "tends to show that the agency's breach did no harm to the vital interest in question; i.e., the appellant's employment prospects." Observing that the agency had since complied with the provisions of the settlement agreement that were in dispute, the administrative judge dismissed Ms. Gillespie's enforcement petition as moot. Ms. Gillespie timely petitioned this court for review of the Board's decision.

DISCUSSION

Both parties agree that the Board erred by requiring Ms. Gillespie to prove, as a condition for obtaining reinstatement of the appeal from her removal action, that the

breach of the settlement agreement was material. We accept the parties' joint position with respect to that issue.

A settlement agreement is a contract. Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988). In construing a contract, we look to the terms of the agreement to determine the intent of the parties at the time they contracted. Id. Ordinarily, an examination of whether a breach is material is required to justify rescission as a remedy. See Christopher Vill., L.P. v. United States, 360 F.3d 1319, 1335 (Fed. Cir. 2004); Thomas v. Dep't of Hous. & Urban Dev., 124 F.3d 1439, 1442 (Fed. Cir. 1997). In this case, however, the parties expressly agreed in the settlement agreement that in the event of any breach, the prior appeal would be subject to reinstatement at the behest of the nonbreaching party. Because the agreement specifically provided for reinstatement of the appeal as a remedy for any breach by the agency, the administrative judge should not have inquired into the materiality of the breach as a prerequisite for granting the remedy of reinstatement of the appeal. This is not to say that any technical departure from the strict terms of the agreement, no matter how trivial, would necessarily have required reinstatement of the appeal, but in this case the agency's noncompliance was not trivial. Accordingly, we hold that the administrative judge erred in denying Ms. Gillespie's petition for reinstatement of her prior appeal based on his conclusion that the agency's breach was not material, and we vacate the Board's order and remand with instructions to reinstate Ms. Gillespie's appeal from the removal action.