NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3346

DEBORAH M. MELTON,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Deborah M. Melton, of Urbana, Maryland, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3346

DEBORAH M. MELTON,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

_____

DECIDED: January 10, 2007

_____

Before BRYSON, GAJARSA, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Deborah M. Melton seeks review of a final decision by the Merit Systems Protection Board (MSPB or Board) that denied her petition for enforcement of a settlement agreement between herself and the Department of Health and Human Services (Agency). We have considered Ms. Melton's claim and conclude that the Board did not err in rejecting it. We therefore <u>affirm</u> the judgment of the Board.

BACKGROUND

On March 25, 2005, the Agency proposed Ms. Melton's removal from her position as a Management Analyst, GS-14, based upon a charge of "medical inability to perform the essential functions of [her] position." This removal became effective on April 25, and Ms. Melton appealed to the Board. The parties reached a settlement on August 1. The settlement agreement stipulated a lump sum payment of $32,000 to Ms. Melton to put her claim to rest. The relevant terms of the settlement agreement include the following:

> 1. The agency agrees to pay Ms. Melton the sum of $32,000.00 within 30 calendar days from the effective date of this agreement for promises set forth below. . . .
>
> 9. Ms. Melton fully understands her removal from federal service, as cited above, will remain in full force and effect.
>
> 14. This agreement constitutes the complete understanding between the parties. No other promises or agreements shall be binding unless signed by all parties and expressly designated as an amendment to this agreement.

Ms. Melton's present appeal is for enforcement of the settlement agreement, based on an alleged violation by the Agency. The alleged violation is the Government's effort to recover an erroneous overpayment of $8,056.76. The erroneous overpayment stems from a period, prior to her removal, when Ms. Melton was paid while absent without leave (AWOL).

Ms. Melton claims that the Government is not entitled to recover this debt because allegedly her debts were settled by the settlement agreement. The Agency asserts that repayment of the debt was discussed during the settlement negotiations and that the settlement was increased by $10,000 specifically to facilitate this

repayment. The settlement agreement, however, contains no mention of Ms. Melton's AWOL debt.

The administrative judge (AJ) reviewed the settlement agreement, determined that it was silent with respect to AWOL debt, and denied Ms. Melton's petition for enforcement. Melton v. Dep't of Health and Human Servs., No. DC-0752-05-0498-C-1 (MSPB Mar. 21, 2006) ("Initial decision"). The Board then denied Ms. Melton's petition for review. We have jurisdiction to hear Ms. Melton's appeal under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

A settlement agreement is a contract, and its construction is a question of law which this court reviews de novo. Conant v. Office of Pers. Mgm't, 255 F.3d 1371, 1376 (Fed. Cir. 2001). When interpreting a contract, we first ascertain whether the contract clearly states the parties' understanding. Id. To the extent the contract is clearly stated and understood by the parties, it is enforced according to its terms. Pagan v. Dep't of Veterans Affairs, 170 F.3d 1368, 1371 (Fed. Cir. 1999). If the language of the contract is sufficiently clear, the inquiry ends there. Textron Def. Sys. v. Widnall, 143 F.3d 1465, 1469 (Fed. Cir. 1998); see Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988) ("Only if there is ambiguity should parol evidence be considered."). If any ambiguity is found, our role is to implement the intent of the parties at the time the contract was made. Pagan, 170 F.3d at 1371.

In this case, the settlement agreement is silent about Ms. Melton's AWOL debt. The most relevant sections are paragraphs 1 and 9, and these paragraphs specify a lump sum payment to Ms. Melton in exchange for her removal from the Agency.

Paragraph 14 adds that "[n]o other promises or agreements shall be binding unless signed by all parties and expressly designated as an amendment to this agreement." Nothing in the settlement agreement addresses whether the Agency may or may not collect debts duly owed.

Therefore, parol evidence on the matter of Ms. Melton's AWOL debt is inapposite. In the unambiguous language of the agreement itself, the Agency did not agree to waive its right to collect Ms. Melton's AWOL debt nor is there any implication of such a waiver. In a petition for enforcement of a contract, only the terms of the contract may be enforced. We cannot rewrite the contract or insert words to which a party has never agreed. Am. Capital Corp. v. Fed. Deposit Ins. Corp., No. 05-5150, 2006 WL 3055912, at *3 (Fed. Cir. Oct. 30, 2006). Because the settlement agreement is silent on the matter, Ms. Melton cannot now procure a waiver of her debts through a petition for enforcement.

## CONCLUSION

The Board properly denied Ms. Melton's petition for enforcement, because the settlement agreement does not contain the condition Ms. Melton seeks to enforce. Accordingly, we affirm.

No costs.