NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3025

MIGUEL J. BOQUE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Elaine Rodriguez-Frank, of San Juan, Puerto Rico, for petitioner.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.  Of counsel was A. Bondurant Eley, Trial Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3025

MIGUEL J. BOQUE

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY3443060353-C-1.

_____

DECIDED:  August 6, 2008

_____

Before MAYER, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM

## DECISION

Miguel J. Boque ("Boque") appeals from the final decision of the Merit Systems Protection Board ("Board") denying his petition to enforce a settlement agreement. <u>Boque v. Dep't of Veterans Affairs</u>, NY-3443-06-0353-C-1 (M.S.P.B. July 17, 2007) (<u>Initial Decision</u>).  Because Boque fails to identify any reversible error, we <u>affirm</u>.

BACKGROUND

In 2006, Boque was employed as a postgraduate medical resident at the Department of Veterans Affairs ("VA"). On April 14, 2006, he was separated from his position for "unprofessional behavior." Boque appealed his separation and on January 3, 2007, Boque and the VA executed a settlement agreement. In exchange for Boque's dismissal of his Board appeal and his agreement to submit his voluntary resignation, the VA agreed to verify his employment to prospective employers and to expunge the removal action from his file. Relevant to this appeal, the agreement also contained two additional provisions. First, Paragraph 4 of the agreement stated that:

> The Agency agrees to issue a letter to the Appellant certifying that the Appellant fulfilled the minimum requirement of twelve months in clinical training in the subspecialty of Critical Care Medicine.

Initial Decision at 3. In addition, Paragraph 8(d) of the agreement also set forth an integration clause that stated that "this Agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written." Id.

On February 13, 2007, Dr. Rodriguez, Chief of the Pulmonary and Critical Care Medicine Training Program, issued a letter pursuant to Paragraph 4 using nearly identical language to that set forth in the settlement agreement. The letter stated the following:

> This is to certify that [D]octor Miguel Boque fulfilled the minimum requirement of twelve months in clinical training in the Subspecialty of Critical Care Medicine at our Training Program.

Id. at 4. Boque did not accept the letter. Rather, he requested "a certificate that is valid for 'credential purposes.'" In particular, Boque asserted that the letter should indicate

the dates during which he participated in the training program and requested that the document be labeled "Certificate of Training." Id. The VA refused to modify the letter or issue a certificate and Boque appealed to the Board for enforcement of the settlement agreement.

The Board denied Boque's petition. In doing so, the Administrative Judge ("AJ") determined that the VA complied with the settlement agreement. The AJ found that under the agreement, the VA was required to issue a letter certifying that Boque fulfilled the minimum requirement of twelve months in clinical training in the subspecialty of critical care medicine, and was not required to specify when the training occurred or to issue a certificate. Thus, the AJ determined that the February 13, 2007 letter met the requirements of the settlement agreement.

Boque appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113. Boque timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Boque primarily argues that the Board erred by failing to take into account the intent of the negotiating parties. Boque contends that he intended to obtain

credit for the grade he obtained while he trained at the VA as part of the critical care program.  Moreover, Boque asserts that the VA failed to comply with an implied clause of fair dealing and failed to act in good faith.

In response, the government argues the AJ correctly determined that the VA complied with the settlement agreement.  According to the government, the letter issued by Dr. Rodriquez strictly complied with the unambiguous language of the settlement agreement.  Moreover, the government contends that Boque's demand for a certificate as if he completed a residency is unsupportable in light of the settlement agreement's integration clause.

We agree with the government.  It is well-settled that "a settlement agreement is a contract [and] . . . interpretation of the terms of a contract is a question of law."  Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988).  In interpreting a contract, we first look to the plain language of the agreement.  Gould, Inc. v. U.S., 935 F.2d 1271, 1274 (Fed. Cir. 1991).  Here, the agreement clearly provides that the VA was required to issue a letter to Boque "certifying that [he] has fulfilled the minimum requirements of twelve months in clinical training in the subspecialty of Critical Care Medicine."  The February 13, 2007 letter issued by Dr. Rodriguez, which contained nearly identical language, clearly met that requirement.

Moreover, we are unpersuaded by Boque's assertion that the letter should have contained additional information based on the parties' intent, particularly in light of the integration clause contained in the agreement.  Indeed, a party "attempting to add terms to a contract with an integration clause 'carries an extremely heavy burden in overcoming this attestation to the document's finality and completeness.'"  Rumsfeld v.

2008-3025

-4-

<u>Freedom NY, Inc.</u>, 329 F.3d 1320, 1328 Fed. Cir. 2003). Boque fails to demonstrate that, notwithstanding the integration clause contained in the agreement, the VA was required to include any information beyond the plain language set forth in Paragraph 4. Thus, because Boque fails to meet his extremely heavy burden, his argument fails.

Lastly, we are likewise unpersuaded by Boque's assertion that the VA failed to act in good faith and failed to comply with an implied clause of fair dealing. The record demonstrates that the VA upheld its obligations under the agreement in part by issuing the February 13, 2007 letter and is devoid of any evidence indicating that the VA acted in bad faith during its dealings with Boque.

We thus conclude that the Board properly denied Boque's petition to enforce the settlement agreement. Accordingly, because Baldwin fails to identify any reversible error, we <u>affirm</u>.