**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 4**

Docket Nos. AT-0752-15-0504-I-1
AT-531D-14-0638-I-2

**Marie Jackson,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

January 19, 2016

Kevin C. Crayon, II, Esquire, Kennesaw, Georgia, for the appellant.

William J. Dobosh, Jr., Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the initial decision that dismissed her appeal as settled.  For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2    On April 28, 2014, the appellant, a GS-12 Auditor, filed a Board appeal of a within-grade increase denial.  *Jackson v. Department of the Army*, MSPB

Docket No. AT-531D-14-0638-I-1, Initial Appeal File, Tab 1. The agency subsequently removed the appellant for performance-based reasons, and the appellant filed a second Board appeal. *Jackson v. Department of the Army*, MSPB Docket No. AT-0752-15-0504-I-1, IAF, Tab 1 at 3, 6-9.[1] The administrative judge joined the two appeals for processing. IAF, Tab 10.

¶3 During the pendency of the appeals, on August 7, 2015, the parties reached a settlement agreement. IAF, Tab 11. The agreement provided that the agency would take several actions in the appellant's favor, including expunging the Standard Form 50 reflecting a removal for unacceptable performance, replacing it with one reflecting a removal for failure to accept a directed reassignment, and providing her a neutral reference. *Id*. at 3-5. In return, the appellant would, among other things, withdraw her Board appeal. *Id*. at 5-6. The agreement also provided as follows:

> [I]n accordance with the Older Workers' Benefit Protection Act (OWBPA), Appellant acknowledges . . . she has seven (7) days from the execution date (date of her signing this Agreement) to revoke this Agreement, this Agreement will not become effective or enforceable until that revocation period has expired, and the 7-day period for revocation is a reasonable time for the appellant to consider whether to allow this Agreement to become effective and binding on both parties or to notify the Agency representative in writing of any revocation.

*Id*. at 2.

¶4 The administrative judge dismissed the appeal as settled on August 13, 2015—1 day before the close of the revocation period. IAF, Tab 11 at 8, Tab 13, Initial Decision. Later that day, however, the appellant informed the agency's representative via email that she was revoking the settlement agreement. Petition for Review (PFR) File, Tab 3 at 54.

---

[1] Unless otherwise indicated, all record citations are to the lead case, *Jackson v. Department of the Army*, MSPB Docket No. AT-0752-15-0504-I-1.

¶5	The appellant has filed a petition for review, requesting that, in light of her revocation, the Board should remand the appeal for further adjudication.  PFR File, Tab 1 at 3.  The agency has filed a response in opposition, arguing that the appellant should not be permitted to revoke the agreement in its entirety.  PFR File, Tab 3.  The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

## ANALYSIS

¶6	A settlement agreement is a contract, the interpretation of which is a matter of law.  *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).  In construing a settlement agreement, the Board "assign[s] to words their ordinary and commonly accepted meaning unless it is shown that the parties intended otherwise."  *Perry v. Department of the Army*, 992 F.2d 1575, 1579 (Fed. Cir. 1993).  In this case, it appears to us that the provision of the agreement allowing for revocation within 7 days is quite plain.  The agency, however, argues that the provision does not allow the appellant to revoke the agreement, or at least not the entire agreement.

¶7	Specifically, the agency argues that the appellant did not raise any claim under the Age Discrimination in Employment Act (ADEA) and, in any event, the OWBPA does not require the 7-day revocation period in a settlement of a Board appeal even if age discrimination is raised.  PFR File, Tab 3 at 7-9; *see Lange v. Department of the Interior*, 94 M.S.P.R. 371, ¶¶ 6-8, 11 (2003) (holding that the OWPBA requirement for a 7-day revocation period does not apply to Board appeals).  Thus, the agency argues that the provisions pertaining to the OWBPA were not material to the settlement agreement, and therefore were severable from the rest of the agreement.  PFR File, Tab 3 at 9-10.  The agency further argues that the revocation clause should be interpreted narrowly to apply only to any ADEA claims that were encompassed in the agreement.  *Id*. at 10-14.

¶8        In support of its argument regarding the narrow scope of the revocation clause, the agency cites to *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 9 (2013), and *Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶¶ 12-14 (2010), in which the Board only remanded the appellants' age discrimination claims when the settlement agreements in those appeals failed to comply with the OWBPA and the appellants sought to set aside the agreements on review.  PFR File, Tab 3 at 12-14.  The Board found that the appellants' waiver of their other claims remained in effect.  *Hinton*, 119 M.S.P.R. 129, ¶¶ 9-10; *Schwartz*, 113 M.S.P.R. 601, ¶ 13.

¶9        We find that the Board's decisions in *Schwartz* and *Hinton* are not instructive in this situation.  Unlike the present appeal, it does not appear that the settlement agreements at issue in those decisions included a 7-day revocation period, and there was, therefore, no attempt to invoke a revocation provision.  *See generally Hinton*, 119 M.S.P.R. 129, ¶¶ 5, 7-10 (rejecting the appellant's challenge to the validity of the settlement agreement, but remanding the appellant's age discrimination claim because the agreement failed to comply with OWBPA requirements applicable to Board appeals); *Schwartz*, 113 M.S.P.R. 601, ¶¶ 10-14 (same).  The settlement agreement in this appeal, however, includes a revocation provision to which both parties agreed, and it is this provision that is dispositive to the outcome of this petition for review.

¶10        We also find that it is irrelevant whether the OWBPA requires a 7-day revocation period, because the settlement agreement provides for one.  IAF, Tab 11 at 2.  In addition, the fact that the OWBPA did not require the inclusion of a revocation provision does not mean that the provision was immaterial.  Rather, the appellant chose to invoke the revocation period, suggesting that it was material to her decision to sign the settlement agreement.  PFR File, Tab 3 at 54.

¶11        Further, we find unpersuasive the agency's argument that the settlement agreement here contains a severability clause that permits the revocation provision to be severed, thus furthering the public policy goal of enforcing the

settlement agreement against all of the appellant's non-ADEA claims.[2]  *Id.* at 10-14.  We find that the severability of this provision is not supported by the plain language of the settlement agreement.  The revocation provision does not specify that the appellant had 7 days to revoke her settlement of any ADEA claims; it instead provides, without qualification, that she had 7 days "to revoke this Agreement."  IAF, Tab 11 at 2.  Furthermore, the severability clause provides that any nonmaterial term or condition of the agreement may be severed "[i]n the event that [it] is determined by a court or administrative entity . . . to be unenforceable as a matter of law."  *Id.*  at 6.  The revocation provision is not unenforceable, and therefore does not fall under the coverage of the severability clause.

¶12  Finally, although we agree with the agency that public policy favors settlement agreements, *McKenzie v. Department of the Interior*, 23 M.S.P.R. 195, 197-98 (1984), the law does not permit the Board to rewrite unilaterally the clear, unambiguous, and lawful terms of a settlement agreement against the wishes of a party.  *See Greco*, 852 F.2d at 560 (finding that the Board erred in interpreting a settlement agreement contrary to its clear and unambiguous terms).

---

[2] The agency also argues that the U.S. Supreme Court explained in *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998), that ADEA and non-ADEA claims may be severable in the context of a settlement agreement.  PFR File, Tab 3 at 12.  The Court found in *Oubre* that a release of claims that did not comply with the OWBPA was not enforceable as to age claims.  522 U.S. at 427-28.  The Court recognized that instances may arise where such a release was effective as to other types of claims; however, it declined to explore the issue further.  *Id.* at 428.  In any event, because the release at issue in *Oubre* did not contain a revocation provision, we find that it is not analogous to the situation presented here.  *See id.* at 424-25 (observing that the release did not provide the employee with 7 days "to change her mind").  Here, the agreement provided for revocation and the appellant timely revoked.

## ORDER

¶13     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.