# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GHASSAN J. GHANNOUM,

          Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

          Agency.

DOCKET NUMBERS
SF-1221-18-0723-W-2
SF-0714-19-0310-I-1

DATE: July 12, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ghassan Ghannoum</u>, Corona, California, pro se.

<u>Andrew Quinio</u>, Esquire, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has petitioned for review of the July 8, 2019 initial decision in his removal and individual right of action appeals, which were joined for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

processing. *Ghannoum v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0723-W-2, Initial Appeal File, Tab 27, Initial Decision; *Ghannoum v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0723-W-2, Petition for Review (PFR) File, Tab 3. For the reasons set forth below, we DISMISS the joined appeals as settled.

¶2    On September 11, 2019, the appellant petitioned for review of the initial decision resolving the joined appeals. PFR File, Tab 3. While the petition for review was still pending before the Board, on May 11, 2021, the agency submitted a document entitled "SETTLEMENT AGREEMENT," which was signed and dated by the agency on May 4, 2021, and by the appellant on May 8, 2021.[2] PFR File, Tab 7. The document provides, among other things, that the appellant agreed to withdraw the above-captioned appeals in exchange for the promises made by the agency. *Id*. at 6.

¶3    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). In addition, before accepting a settlement agreement into the

---

[2] On December 27, 2021, the agency filed a signed statement from the appellant confirming his intent to voluntarily withdraw his petition for review with prejudice and indicated that the agency did not object to the appellant's request. PFR File, Tabs 9-10. On January 3, 2022, the Board notified the parties that, although the Clerk of the Board has delegated authority to grant an unopposed request to withdraw a petition for review when there are no issues of apparent untimeliness, the agency's May 11, 2021 submission reflected that the parties intended the Board to enter the settlement agreement into the record for enforcement. PFR File, Tab 11. The Board ordered the parties to confirm their intent regarding enforcement. *Id.* In response, the appellant requested that the settlement agreement be entered into the record for enforcement, and the agency stated that the agreement was enforceable by the Equal Employment Opportunity Commission, not by the Board, and that its prior request was in error. PFR File, Tabs 14-15. As the appellant has indicated his intent that the settlement agreement be entered into the record for enforcement by the Board, his petition for review may not be dismissed pursuant to the Clerk of the Board's delegated authority.

record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Massey v. Office of Personnel Management*, 91 M.S.P.R. 289, ¶ 4 (2002), *overruled on other grounds by Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 11-21 (2017) (holding that the Board may enforce settlement agreements that have been entered into the record, independent of any prior finding of Board jurisdiction over the underlying matter being settled).

¶4      Here, we find that the parties have entered into a settlement agreement and understand its terms. PFR File, Tab 7. We further find that the parties do not intend to enter the settlement agreement into the record for enforcement by the Board, as the agreement itself provides for enforcement through the equal employment opportunity procedures set forth at 29 C.F.R. § 1614.504. *Id.* at 6; *see Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 642-43 (1997) (finding that the parties intended the Equal Employment Opportunity Commission, not the Board, to enforce a settlement agreement that provided for enforcement in accordance with 29 C.F.R. § 1614.504). Although the appellant indicated that he wishes the Board to enforce the settlement agreement, PFR File, Tab 14 at 3, the words of the agreement itself are of paramount importance in determining the intent of the parties at the time they contracted. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). Accordingly, pursuant to the terms of the settlement agreement, we find that it is enforceable by the Equal Employment Opportunity Commission, not by the Board, and we do not enter it into the record for enforcement.

¶5      In light of the foregoing, we find that dismissing the appeals "with prejudice to refiling" (i.e., the parties normally may not refile these appeals) is appropriate under these circumstances. This is the final decision of the Merit Systems Protection Board in these appeals. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction[4]. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.