# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCHWANDA G. HAMMOND,

        Appellant,

        v.

DEPARTMENT OF DEFENSE,

        Agency.

DOCKET NUMBER
DA-3330-18-0237-C-1

DATE: September 23, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Schwanda G. Hammond</u>, Fort Worth, Texas, pro se.

<u>Susan L. Lovell</u>, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1     The appellant has petitioned for review of the October 1, 2019 compliance initial decision in this appeal. Compliance File, Tab 6, Compliance Initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision; Compliance Petition for Review (CPFR) File, Tab 1. For the reasons set forth below, we DISMISS this compliance appeal as settled.

¶2 After the filing of the compliance petition for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT" signed and dated by the appellant on March 11, 2020, and by the agency on March 12, 2020. CPFR File, Tab 11. The document provides, among other things, that the appellant agreed to withdraw with prejudice all pending causes of action against the agency. *Id.* at 8.

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Massey v. Office of Personnel Management*, 91 M.S.P.R. 289, ¶ 4 (2002), *overruled on other grounds by Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 11-21 (2017) (holding that the Board may enforce settlement agreements that have been entered into the record, independent of any prior finding of Board jurisdiction over the underlying matter being settled).

¶4 Here, we find that the parties have entered into a settlement agreement and understand its terms but, for the following reasons, that they did not intend the settlement agreement to be entered into the record for enforcement by the Board in this appeal.

¶5 The settlement agreement provides that the parties agreed it would be entered into the record for enforcement in another Board appeal, MSPB Docket No. DA-0752-20-0103-I-1.[2] CPFR File, Tab 11 at 11. However, in response to

---

[2] In a March 19, 2020 initial decision in the appeal specified in the settlement agreement, MSPB Docket No. DA-0752-20-0103-I-1, the administrative judge entered the March 2020 settlement agreement into the record for enforcement by the Board.

an e-Appeal Online prompt when submitting the settlement agreement in this appeal, the agency indicated that the parties agreed that the settlement agreement would be entered into the record for enforcement. *Id.* at 3. Given the conflicting statements, the Board informed the parties that, if they wanted the settlement agreement to be entered into the record for enforcement in this appeal, they must submit a properly executed amendment to that effect. CPFR File, Tab 12. Although the parties responded to the Board's order,[3] they did not submit an amendment or otherwise address their intent regarding enforcement. CPFR File, Tabs 13-15. Therefore, pursuant to the unambiguous term of the settlement agreement, we find that the parties intended the settlement agreement to be entered into the record for enforcement in MSPB Docket No. DA-0752-20-0103-I-1, but not in this appeal. *See Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988) (in construing the terms of a written settlement agreement, the words of the agreement itself are of paramount importance in determining the intent of the parties at the time they contracted). As the parties do not intend for

---

*Hammond v. Department of Defense*, MSPB Docket No. DA-0752-20-0103-I-1, Initial Appeal File, Tab 33, Initial Decision. On August 12, 2020, the appellant petitioned for enforcement of the settlement agreement in that appeal. *Hammond v. Department of Defense*, MSPB Docket No. DA-0752-20-0103-C-1, Compliance File (0103 CF), Tab 1. In an October 7, 2020 compliance initial decision, the administrative judge found that the appellant failed to show that the agency breached the settlement agreement and denied her petition for enforcement. 0103 CF, Tab 16, Compliance Initial Decision. On November 11, 2020, the appellant petitioned for review of the compliance initial decision. *Hammond v. Department of Defense*, MSPB Docket No. DA-0752-20-0103-C-1, Compliance Petition for Review File, Tab 1. The appellant's petition for review of the compliance initial decision remains pending before the Board.

[3] On September 21, 2021, the appellant submitted a copy of a December 11, 2020 motion she had filed in MSPB Docket No. DA-0752-20-0103-C-1 regarding agency noncompliance with the March 2020 settlement agreement. CPFR File, Tab 13. The agency moved to dismiss the appeal as settled pursuant to the March 2020 settlement agreement and resubmitted a copy of the agreement. CPFR File, Tabs 14-15. To the extent the appellant's resubmission of her December 11, 2020 motion is an attempt to challenge in this appeal the agency's compliance with the March 2020 settlement agreement, it is not properly before the Board, and we therefore need not address it.

the Board to enforce the settlement agreement in this appeal, we need not address the additional considerations regarding enforcement, and we do not enter the settlement agreement into the record for enforcement by the Board.

¶6		In light of the foregoing, we find that dismissing the above-captioned compliance appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

¶7		This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.