UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

PENNY J. SEWARD,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DA-0752-17-0332-I-1

DATE: June 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Penny J. Seward, Conway, Arkansas, pro se.

Thomas Kent Smith, Esquire, North Little Rock, Arkansas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2          The record reflects that the agency proposed the appellant's removal on March 6, 2014, and subsequently issued a decision letter on May 30, 2014, removing her. Initial Appeal File (IAF), Tab 6 at 86-88, Tab 15 at 4-9. The parties entered into a last chance agreement (LCA) on June 2, 2014. IAF, Tab 6 at 89-90. Under the provisions of the agreement, the agency held the removal in abeyance for a period of 3 years. *Id.* In return, the appellant agreed to accept a voluntary downgrade from Human Resources Specialist, GS-11, Step 7, to Program Specialist GS-9, Step 10, and "to abide by all Medical Center Memorandums, policies, VA rules and regulations regarding conduct and behavior." *Id.* at 89. The appellant agreed to waive her right to appeal any removal, should she be removed during the period of the agreement. *Id.* The LCA specifically included a waiver of her right to appeal the removal to the Board. *Id.* On October 28, 2015, the agency notified the appellant that she had not complied with the LCA and that she would be removed effective November 2, 2015. *Id.* at 47-48. The appellant resigned from her position effective October 30, 2015, three days before the effective date of the removal action.

*Seward v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-17-0176-I-1, Initial Appeal File (0176 IAF), Tab 9 at 47.

¶3      The appellant filed a formal equal employment opportunity complaint on November 5, 2015, alleging that her resignation was involuntary. IAF, Tab 6 at 20-45. The agency's Office of Employment Discrimination Complaint Adjudication issued a final agency decision on January 19, 2017. *Id.* The appellant then filed a timely Board appeal based on her allegedly involuntary resignation. 0176 IAF, Tab 1. On May 3, 2017, the parties entered into a settlement agreement of that Board appeal, which resulted in the rescission of the appellant's resignation and the reinstatement of her removal, and she was removed effective November 2, 2015. IAF, Tab 1 at 7-9.

¶4      On May 25, 2017, the appellant filed an appeal of her November 2, 2015 removal. IAF, Tab 1.[2] After holding a jurisdictional hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the agency did not breach the LCA and that the appellant had waived her Board appeal rights in the June 2, 2014 LCA. IAF, Tab 17, Initial Decision (ID) at 14-15.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      Although not raised by either party, we find that a question exists regarding the administrative judge's determination that the Board does not have jurisdiction over the appellant's removal appeal. *See Martin v. Office of Personnel*

---

[2] The administrative judge addressed the timeliness of this appeal and found that the appellant acted diligently in pursuing her rights under the particular circumstances in this case, and thus, she found good cause for the appellant's delay in filing this appeal. ID at 4 n.1. We find no basis upon which to disturb the administrative judge's timeliness determination.

*Management*, [77 M.S.P.R. 298](#), 300 (1998) (holding that the Board may raise the matter of its own jurisdiction sua sponte); *Morgan v. Department of the Navy*, [28 M.S.P.R. 477](#), 478 (1985) (holding that the issue of jurisdiction may be raised at any time during a proceeding). Specifically, we find that in determining that the Board lacks jurisdiction over the appellant's removal action, the administrative judge did not fully consider the May 3, 2017 settlement agreement or its terms.

¶7 The Board has broad authority to enforce the terms of a settlement agreement entered into the record. *LaMontagne v. U.S. Postal Service*, [91 M.S.P.R. 304](#), ¶ 6 (2002). Because a settlement agreement is a contract, the terms of a settlement agreement should be interpreted as a question of contract law. *Greco v. Department of the Army*, [852 F.2d 558](#), 560 (Fed. Cir. 1988). In construing the terms of a settlement agreement, the words of the agreement itself are of paramount importance. *Id.* The Board lacks authority to add terms to an agreement that were not agreed upon by both parties. *Murphy v. U.S. Postal Service*, [54 M.S.P.R. 202](#), 205 (1992).

¶8 Here, the May 3, 2017 agreement explicitly provides that the appellant "retains the right to file a Board appeal regarding the removal action described in paragraph 2a." IAF, Tab 1 at 7. Paragraph 2a states that the agency agrees to "[r]emove from the Appellant's electronic Official Personnel File (eOPF) the Notification of Personnel Action dated October 30, 2015, with the nature of action, 'RESIGN-IN LIEU OF INVOL ACTION' and replace it with a Notification of Personnel Action dated November 2, 2015, with a nature of action, 'REMOVAL.'" *Id.* Thus, the agreement explicitly provides that the appellant retains her right to file a Board appeal of the November 2, 2015 removal action. The terms of the settlement agreement further provide that the agreement "constitutes the entire and complete understanding between the parties. There are no other terms or commitments, either oral or written, to this Agreement except those specified herein." *Id.* at 8.

¶9     In this case, even though there was an earlier LCA dated June 2, 2014, in which the appellant waived her Board appeal rights over her removal action, this new agreement does not include a waiver provision.  Rather, it specifically provides the appellant with Board appeal rights over the removal action dated November 2, 2015.  *Id.* at 8.  Moreover, the May 3, 2017 settlement agreement omits any reference to the June 2, 2014 LCA.  Accordingly, we find that the May 3, 2017 settlement agreement supersedes the June 2, 2014 LCA, *see Alvarez v. Office of Personnel Management*, 60 M.S.P.R. 436, 439-40 (1994), and that the provisions of the May 3, 2017 settlement agreement explicitly provide the appellant with "the right to file a Board appeal" regarding the November 2, 2015 removal action.  Thus, we find that the administrative judge erred in dismissing this appeal for lack of jurisdiction based on the terms of the LCA.  Accordingly, we remand this appeal to the Dallas Regional Office for further adjudication of the agency's removal action.

## ORDER

¶10    For the reasons discussed above, we remand this case to the Board's Dallas Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                      /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.