Anthony A. GRECO, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 87–3576.

United States Court of Appeals, Federal Circuit.

July 28, 1988.

Peter B. Broida, Passman & Broida, Washington, D.C., argued, for petitioner.

Eric L. Miller, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Major Kevin W. Bond, Office of the Judge Advocate Gen., Dept. of the Army, of counsel.

Before NEWMAN and MAYER, Circuit Judges, and BALDWIN, Senior Circuit Judge.

BALDWIN, Senior Circuit Judge.

## DECISION

Anthony A. Greco (petitioner) appeals from the final decision of the Merit Systems Protection Board (board), Nos. DC075283A9033 and DC075283A9012, denying his motion for attorney fees incurred during compliance proceedings. We affirm-in-part, reverse-in-part, and remand for a determination of the amounts to which petitioner is entitled.

## BACKGROUND

In 1983 petitioner was removed for misconduct from his position with the Department of the Army (respondent). The removal was appealed to the board, but the case was settled before the board heard the appeal. The board approved the settlement agreement in June of 1983. As the board then noted, the agreement provided, "[i]n essence, * * * for cancellation of the removal action," and granted petitioner, *inter alia*, back pay, leave, retirement and other entitlements he would have earned during the period covered by the personnel action, as well as travel and storage reimbursements, specified performance ratings, registration in the Department of Defense (DOD) priority placement program, assistance in the sale of his automobile, and, most important for our purposes, payment of "reasonable attorneys' fees and expenses under [5 C.F.R.] § 1201.37(a)." Petitioner filed, and the board approved, a motion for attorney fees totalling over $20,000.00. That motion included fees through petitioner's appeal of the removal action.

In January 1984 petitioner filed a petition for enforcement, alleging that respondent had failed to comply with the agreement by not providing him the relief specified in paragraphs 1 (payment of living quarters allowance (LQA) and per diem), 3 (registration in the DOD priority placement pro-

gram), 5, 6, and 9 (when it effectively reduced him from GS–13 to GS–12), and 10 (failing to provide legal assistance in his car sale). Petitioner also alleged that respondent's failure to comply with the agreement was in reprisal for petitioner's legal actions.

Petitioner requested a hearing on the enforcement petition. The administrative judge, without a hearing, held against petitioner on all of his allegations. On appeal, the board reversed and remanded the case for a hearing. On remand all of petitioner's allegations were again rejected, this time after a hearing.[1] The administrative judge's decision was again appealed. This time the board, after receipt of an advisory opinion from the General Accounting Office on the propriety of petitioner's LQA claim, found respondent failed to comply with the agreement with respect to LQA, and upheld the administrative judge's decision on the remaining claims. Respondent subsequently paid petitioner approximately $6,700.00 in LQA.

Petitioner now seeks attorney fees incurred during the compliance proceedings. The board rejected this latest effort in an opinion dated July 26, 1986.[2] The board rejected petitioner's assertion that the settlement agreement covered the compliance proceedings, stating that it is unreasonable "to find a provision of an agreement made at the time of settlement controlling over all future proceedings on the case." Init. Dec. at 2. The board then considered petitioner's motion under 5 U.S.C. § 7701(g)'s "interest of justice" standard, and the nonexclusive criteria set forth in *Allen v. United States Postal Service*, 2 MSPB 582, 2 MSPR 420 (1980), recognized by this court in *Sterner v. Department of the Army*, 711 F.2d 1563, 1568 (Fed.Cir.1983). The board found petitioner to be the prevailing party, but found that payment of attorney fees was not warranted in the interest of justice, and thus denied petitioner's mo-

1. The parties settled their differences as to the sale of petitioner's car before this second decision by the administrative judge.

2. The board found good cause for waiver of the time limit for filing the motion for fees as to attorney Lapidus. This finding has not been appealed.

tion.[3] Petitioner appeals from that decision.

## ISSUE

The issue before us is whether the settlement agreement reasonably can be construed to cover payment of petitioner's attorney fees incurred during the compliance proceedings.

## OPINION

A. The relevant provisions of the settlement agreement provide:

11. The parties agree that appellant is entitled to reasonable attorneys' fees and expenses under 1201.37(a) of the Board's rules, such payment to cover all efforts to defend against the proposed Notices of Removal dated 16 August 1982 and 21 January 1982 respectively as well as discovery and hearing preparation necessary to pursue appellant's claims before this Board. The Parties agree that the Board may determine the amount of reasonable attorneys fees and expenses upon application of counsel for appellant.

12. Appellant hereby releases the agency from any and all grievances and appeals he might have against it as of the date of this agreement for any reason, except for any grievances or claims which may arise predicated on the interpretation or application of this *Stipulation of Settlement.*

\* \* \* \* \* \*

17. \* \* \* The parties further agree that the terms of the agreement set forth herein shall survive the approval of the settlement by the Board and the payment of the monies specified herein.

It is axiomatic that a settlement agreement is a contract. Equally settled is the principle that interpretation of the terms of a contract is a question of law. *See J.B. Steel, Inc. v. United States*, 810 F.2d 1139 (Fed.Cir.1987); *B.D. Click Co. v. United States*, 614 F.2d 748, 752, 222 Ct.Cl. 290 (1980). In construing a contract, we look

first to the terms of the agreement itself. Our task is to determine the intent of the parties at the time they contracted, as evidenced by the contract itself. Only if there is ambiguity should parol evidence be considered. Because we agree with the board that there is no ambiguity in the terms of this settlement agreement, we affirm that part of the decision denying petitioner's request for a hearing. However, because the board's interpretation of the agreement's attorney fees provision is contrary to the clear intent of the parties, as evidenced by the agreement itself, we reverse-in-part the decision to deny entirely petitioner's request for fees, as explained below.

B. Paragraph 11 of the agreement entitles petitioner to attorney fees and expenses for "*all* efforts to defend against the [removal] \* \* \* as well as discovery and hearing preparation necessary to pursue appellant's *claims* before the Board." (emphasis added) Respondent argues that this language does not apply to compliance proceedings because it does not specifically state that compliance proceedings are covered. It argues further that paragraph 12 contemplates only the "normal concern" that problems in interpretation may arise and that "it defies logic" to conclude that the agreement would have been intended to compensate petitioner for attorneys' fees incurred during a compliance proceeding. We disagree.

This settlement agreement was drafted with the clear intent of resolving the entire dispute. Petitioner was required to waive all existing grievances and claims against respondent, and the agreement stated that its terms would survive both approval and the payment of monies specified therein. *See* ¶¶ 12 & 17. Paragraph 12 specifically reserved to petitioner the right to pursue any claims relating to interpretation of the agreement.

A successful defense necessarily included the compliance proceeding. The administrative judge, in his opinion approving the

---

**3.** A petition for review was denied because it did not meet the criteria for review set forth in

5 C.F.R. § 1201.115.

agreement, noted that it constituted "in essence * * * a cancellation" of the removal action. This cancellation required, as far as possible, a return to the status quo ante. Respondent's failure to comply with all of the agreement's terms, as indicated by the board's finding of noncompliance, resulted in something less than a return to the status quo ante for petitioner.[4] This court, during an examination of the board's powers over an agency's compliance with the board's orders, stated that a compliance proceeding "is not an original 'personnel action.'" *Kerr v. National Endowment for the Arts,* 726 F.2d 730, 732 (Fed.Cir. 1984). Rather, a compliance proceeding is a continuation of the original action. Justification for the proceeding is established if the board finds it necessary to issue a compliance order. Here, the board found respondent not in compliance with the terms of the settlement agreement and ordered payment of LQA to petitioner. In essence, then, petitioner was forced to petition for compliance in order to restore the status quo ante. The compliance proceeding was clearly a part of petitioner's continuing efforts to regain that which the improper removal action had taken away. Settlement agreements, like all contracts, should be interpreted to carry out the parties' collective intent. Here, the intent was to end the dispute. It is unreasonable to assume that the parties intended to end their dispute as to liability, but did not intend that the rest of the agreement would also aid in the accomplishment of this goal. The board found that respondent failed to compensate petitioner fully, thus prolonging the dispute. Regardless of respondent's reasons for refusing to pay petitioner LQA, petitioner was forced to initiate compliance proceedings.

The settlement agreement specifically provided for attorney fees for a *complete* defense, which, in this case, meant a complete restoration to the status quo ante. Were it otherwise, respondent could, through noncompliance, force petitioner to litigate the entire case during compliance hearings, and thereby incur substantial attorney fees for which he may not be recompensed. This would leave petitioner substantially worse off than the agreement intended.

This is not to say, however, that every compliance petition is justified, or that respondent should be forced to pay petitioner's attorney fees whether or not the claims in the petition are meritorious. Petitioner raised several issues in his compliance action, not all of which were decided favorably to him by the board. Respondent cannot be forced to pay attorney fees for those of petitioner's claims which were unjustified. Petitioner is not entitled to fees incurred because of his own error in interpreting the agreement. Recovery of attorney fees is limited to those areas where respondent has been found in noncompliance—in this case, for petitioner's LQA claim.

We disagree with the board's conclusion that it is unreasonable to hold the terms of this agreement applicable to all future proceedings on the case. While it may be true that the parties could not have foreseen the protracted compliance proceeding which developed, it is clear that the parties' intent was to end their dispute. Final resolution of the case could only be achieved upon petitioner's restoration, as far as practicable, to the status quo ante. In our view it would be unreasonable to read the agreement in a manner so narrow as to defeat the intent of the parties.

Because we decide this case on the basis of the settlement agreement, we do not reach the merits of petitioner's 5 U.S.C. § 7701(g) claim.

We therefore reverse only that portion of the board's decision denying petitioner attorney fees attributable to the LQA claim in the compliance petition and affirm as to all other fees. The case is remanded to the board for a determination of the amount of attorney's fees which petitioner is entitled to recover.

---

**4.** An injured party must be placed, as nearly as possible, in the position he would have occupied had the wrong not been committed. *See, e.g.,* *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 418–19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975).

AFFIRMED–IN–PART, REVERSED–IN–PART, AND REMANDED.

MAYER, Circuit Judge, concurring.

The court's interpretation of this settlement agreement is a reasonable one and I join it. But it is just that—an interpretation of this document; it has no greater effect. It would be far better if parties to a settlement remembered that it is a contract, which can and should be crafted to specifically cover what is contemplated. This would avoid cases like this one, so wasteful of the time and effort of all concerned, which asks us to fathom what the parties meant when they could so easily have said it themselves in the first place.