**Anthony R. MARIANO, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 02–3381, 02–3395.

United States Court of Appeals, Federal Circuit.

DECIDED: July 14, 2003.

Before MAYER, Chief Judge, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Anthony R. Mariano ("Mr.Mariano") petitions for review of two final decisions of the Merit Systems Protection Board ("Board"), Nos. NY0752010200–I–1, 92

M.S.P.R. 227 and NY1221010201–W–1, 92 M.S.P.R. 227, dismissing his appeals. Because the Board properly determined that it lacked jurisdiction to hear Mr. Mariano's appeals, we *affirm.*

## BACKGROUND

Mr. Mariano was a Pharmacy Manager at the Department of Veterans Affairs Medical Center, Albany, New York ("the VAMC") until his removal in 2001. Mr. Mariano filed a whistleblower complaint in 1997 with the Office of Special Counsel ("OSC") alleging essentially that the VAMC retaliated against him for engaging in protected activity.[1]

In August 1999, Mr. Mariano filed a separate complaint with the Equal Employment Opportunity Commission ("the EEOC"). The EEOC complaint alleged that the VAMC retaliated against Mr. Mariano for aiding his subordinates in their own EEOC cases and that the VAMC refused to accommodate his hearing loss in meetings with his supervisor. Mr. Mariano entered into a settlement agreement on October 30, 2000, with the VAMC to settle all his pending claims concerning all the issues specified in and as the basis of his EEOC complaint. At that time, the OSC complaint was still pending. Under the agreement, Mr. Mariano agreed to waive his "MSPB appeal rights if there is overwhelming evidence that he failed to prevail on his [OSC] complaint." The same provision of the agreement also provided that "[t]he EEOC Administrative Judge presiding over these EEO complaints shall conclusively determine whether Complainant has failed to prevail by overwhelming evidence on his

OSC complaint." Mr. Mariano and the VAMC further agreed that if the OSC made a finding in favor of the agency, the agreement would be effective immediately upon the agency's receipt of the OSC's investigative findings. They also agreed that Mr. Mariano's resignation from his employment would become effective immediately upon implementation of the agreement. After Mr. Mariano entered into the agreement, he continued on administrative leave while the OSC continued its investigation of his whistleblower complaint.

The OSC informed Mr. Mariano and the VAMC in letters dated February 20, 2001, that it decided to close its investigation into Mr. Mariano's whistleblowing allegations and not take further action on his complaint. The letter also informed Mr. Mariano that because he alleged reprisal for whistleblowing, he may have a right to seek corrective action from the MSPB. Thereafter, the VAMC processed Mr. Mariano's resignation effective March 2, 2001 (the date the VAMC received the February 20 letter from the OSC) pursuant to the October 2000 settlement agreement. On April 23, 2001, the administrative judge presiding over Mr. Mariano's EEOC complaint dismissed his complaint with prejudice based on the OSC's determination.

Mr. Mariano filed an appeal with the Board on April 9, 2001, challenging his termination and reasserting the claims he raised in his OSC whistleblower complaint. The Board bifurcated Mr. Mariano's appeal, construing one appeal as challenging his resignation as involuntary and one as an individual-right-of-action appeal seeking corrective action in connection with various

---

1. Whistleblowing is the disclosure of information by an employer, former employee, or employment application that the individual believes evidences a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2802(b)(8) (2000); 5 C.F.R. § 1209.4(b) (2002).

personnel actions taken against him. The administrative judge issued two orders summarizing the terms of the settlement agreement and stating that, given Mr. Mariano's voluntary waiver of Board appeal rights, it appeared that the appeals were not within the Board's jurisdiction. The orders directed him to show cause why the appeals should not be dismissed. After considering Mr. Mariano's response, the administrative judge, in two virtually identical initial decisions, dismissed both of Mr. Mariano's appeals for lack of jurisdiction based on the October 2000 settlement agreement. Mr. Mariano filed a joint petition for review with the full Board.

On July 3, 2002, the administrative judge's initial decisions became the final decisions of the Board when the full Board denied Mr. Mariano's petition for review in two final decisions for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in a petition for review from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's decisions in this case are none of these.

On appeal, Mr. Mariano argues that the Board did have jurisdiction over his appeals. Specifically, he alleges that the VAMC's implementation of his settlement agreement was improper because a condition precedent contained in the settlement agreement has not yet occurred. Namely, according to Mr. Mariano, that condition is a finding by the OSC either against the VAMC or in favor of the VAMC on the merits of his whistleblower claims. Mr. Mariano maintains that the OSC's decision not to prosecute his complaint on his behalf is not a merits decision in favor of or against the VAMC. In support of his argument, he refers to a December 4, 2000, letter from the EEOC administrative judge, which he contends indicates that the settlement agreement would be null and void in the event that Mr. Mariano appealed the OSC whistleblower complaint to the Board.[2]

The government counters that the Board correctly determined that it did not possess jurisdiction to entertain Mr. Mariano's appeals because pursuant to the settlement agreement, he waived his MSPB appeal rights to pursue this matter further. The government also notes that there exists no record evidence that Mr. Mariano entered into the agreement that he signed involuntarily or under duress.

The Board concluded that given Mr. Mariano's voluntary waiver of his MSPB appeal rights in the settlement agreement, his appeals were not within the Board's jurisdiction. The Board specifically determined that: (1) the OSC had reached the merits of Mr. Mariano's OSC complaint because it found that certain personnel actions could not have constituted reprisal; and (2) with regard to Mr. Mariano's allegations regarding his placement on administrative leave, the OSC stated that it was not likely that meaningful corrective action

---

**2.** We note that the December 4, 2000, letter, responding to an inquiry by Mr. Mariano, was issued approximately four and a half months before the EEOC administrative judge dismissed Mr. Mariano's EEOC complaint and indicated that it was an advisory opinion.

could be obtained even if retaliation were proven because Mr. Mariano received full pay and benefits while on administrative leave. Moreover, the Board noted that under the agreement, the EEOC administrative judge would "conclusively determine" whether Mr. Mariano failed to prevail before the OSC. Lastly, the Board found that Mr. Mariano was represented at the time he entered into the settlement agreement, and he has not alleged that he entered into the agreement under duress or that the agency acted in bad faith.

We agree with the Board that it did not possess jurisdiction to entertain Mr. Mariano's appeals because he waived his MSPB appeals rights in his settlement agreement. The terms of the agreement are not ambiguous. *See Greco v. Dep't of Army*, 852 F.2d 558, 560 (Fed.Cir.1988) (stating that interpretation of a settlement agreement is a question of contract law, interpretation begins first with the terms of the agreement, and parole or extrinsic evidence is considered only if the language of the contract is ambiguous). Marino agreed to waive his MSPB appeal rights "if there is overwhelming evidence that he failed to prevail" on his OSC complaint. In addition, he does not dispute that pursuant to the agreement, the EEOC administrative judge shall " 'conclusively determine whether [Mr. Mariano] has failed to prevail by overwhelming evidence on his OSC complaint' for the purpose of whether the terms of the Agreement had been met."

The EEOC administrative judge made that determination on April 23, 2001, when he dismissed Mr. Mariano's EEOC complaint with prejudice after finding that: (1) pursuant to the agreement, the terms of the settlement would be implemented by the VAMC upon notification by the OSC that Mr. Mariano had failed to prevail on his OSC complaint; (2) the OSC notified the parties that it would take no further action on Mr. Mariano's OSC's complaint; and (3) the VAMC subsequently implemented the terms of the agreement and informed Mr. Mariano of the same. The EEOC administrative judge's dismissal of Mr. Mariano's EEOC complaint indicates that he "conclusively determine[d]" that Mr. Mariano failed to prevail by overwhelming evidence on his OSC complaint. Therefore, the Board correctly determined that Mr. Mariano waived his MSPB appeal rights and dismissed his appeals for lack of jurisdiction.