# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY A. ABBOTT,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-12-0366-A-3 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE:  January 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allison B. Eddy, Esquire, Virginia Beach, Virginia, for the appellant.

Jasmin A. Dabney, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed an attorney fee petition for review of the addendum initial decision, which awarded her attorney fees of $4,955.00 and costs of $12.11, for a total of $4,967.11.  For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the addendum initial decision, except as expressly MODIFIED by this Final Order to award the appellant $6,825.00 in attorney fees and $7.11 in costs, for a total award of $6,832.11.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

## BACKGROUND

In December 2016, the Board reversed the appellant's suspension and awarded her back pay. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-B-1, Final Order at ¶¶ 1, 22-23 (Dec. 20, 2016). The appellant filed a motion for attorney fees in connection with the underlying suspension appeal, which the Board granted. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-A-1, Attorney Fee Decision (A-1 AFD) at 1, 10 (Feb. 24, 2017). The appellant filed a timely petition to enforce the Board's December 2016 order. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-C-1, Compliance File (C-1 CF), Tab 1 at 4-5. In a July 27, 2017 compliance initial decision, the administrative judge found the agency in noncompliance.[2] C-1 CF, Compliance Initial Decision (C-1 CID) at 5 (June 27, 2017). On September 13, 2017, the appellant filed a second motion for attorney fees in connection with the compliance matter and the fee petition. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-A-2, Attorney Fee File (A-2 AFF), Tab 1 at 4-11. In February 2018, the parties reached a settlement agreement, wherein the appellant agreed to withdraw her second motion for attorney fees in exchange for $15,173.60 in attorney fees, and the administrative judge dismissed the appeal as settled. A-2 AAF, Tab 11 at 4, Attorney Fee Decision (A-2 AFD) at 1-2 (Feb. 8, 2018). However, on October 17, 2017, while the appellant's second attorney fee petition was pending, the appellant filed a second petition for enforcement, arguing that the agency failed to comply with the Board's July 27, 2017 order. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-C-2, Compliance File (C-2 CF), Tab 1 at 4-6; A-2 AFD at 1. In an April 27, 2018, compliance initial decision, the administrative judge found the agency in noncompliance. C-2 CF, Compliance Initial Decision (C-2 CID) at 7 (Apr. 27, 2018). After the compliance initial

---

[2] On August 16, 2017, the administrative judge issued an erratum order clarifying her order to the agency. A-2 AFF, Addendum Attorney Fee Decision (Aug. 16, 2017).

decision became final, the appellant filed a third motion for attorney fees on June 19, 2018, in connection with the work performed in the second compliance matter. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-A-3, Attorney Fee File (A-3 AFF), Tab 1 at 4-11. This third fee motion is the subject of the instant appeal.

The appellant requested $7,200 in attorney fees and $7.11 in costs for work performed between August 21, 2017, and July 24, 2018. A-3 AFF, Tab 1 at 12-17, Tab 5 at 9-11. The agency disputed the appellant's claimed fees, and the appellant replied. A-3 AFF, Tab 4 at 5-6, Tab 5 at 4-7. After reviewing the parties' submissions, the administrative judge issued an addendum initial decision, awarding the appellant attorney fees of $4,955.00 and costs of $12.11, for a total of $4,967.11. A-3 AFF, Tab 7, Attorney Fee Decision (A-3 AFD) at 9-10. She awarded the appellant all of the claimed costs, and found that the rates were reasonable, but reduced the attorney fee award by $2,250 because the hours claimed were duplicative. *Id.*

The appellant has filed a petition for review, disputing the fee reduction. Addendum Petition for Review (A-3 PFR) File, Tab 1 at 8-15. The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

As the administrative judge correctly explained, A-3 AFD at 5, to establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show the following elements: (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). The administrative judge found that the appellant met the first three elements. A-3 AFD at 5-7. These findings are supported, well-reasoned, and unchallenged on review. *Id.* Accordingly, we decline to revisit them here and

focus on the appellant's challenges to the administrative judge's finding regarding the final element—the reasonableness of the fees claimed.

In determining the reasonable fee award, the Board first calculates the "lodestar"—the product of the reasonable hourly rate multiplied by the hours reasonably spent working on the matter. *Driscoll*, 116 M.S.P.R. 662, ¶ 10. To establish the appropriate hourly rate, an attorney fee petition must contain a copy of the fee agreement, if any, as well as evidence of the attorney's customary billing rate for similar work. *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 14 (2010). The party seeking an award should exclude hours that are excessive, redundant, or otherwise unnecessary. *Driscoll*, 116 M.S.P.R. 662, ¶ 11. The administrative judge need not automatically accept claimed hours, but may disallow hours for duplication, padding, or frivolous claims and impose fair standards of efficiency and economy of time. *Id*.

Neither party challenged the administrative judge's finding that, based upon her review of the supporting documentation, the claimed rates for the associate attorney and the named partner were reasonable. A-3 AFD at 8. In calculating the lodestar, she identified a rate of $300 per hour for the associate attorney and $400 per hour for the named partner. *Id*. We find that the administrative judge made a typographical error regarding the named partner's claimed rate. *Id*. In his affidavit, the named partner claimed a rate of $450 per hour. A-3 AFF, Tab 1 at 23-25. He also consistently billed $450 per hour for work performed, as reflected in the billing statements, and provided sufficient evidence showing that $450 per hour was a customary rate for attorneys in his area with similar experience performing similar work. A-3 AFF, Tab 1 at 14-17, 26-33; *see generally Hart*, 115 M.S.P.R. 10, ¶ 14. Finally, the administrative judge found no basis for adjusting the claimed rates and relied on the appellant's fee calculations, which were based on the $450 rate. A-3 AFD at 8. Accordingly, we modify the addendum initial decision to correct this harmless, typographical error and find that the reasonable rate for the named partner was $450 per hour.

*See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

After finding that the claimed rate was reasonable, the administrative judge determined that the lodestar was $7,200. A-3 AFD at 8. She adjusted the lodestar downward by $2,250 because she determined that, pursuant to the February 2018 attorney fee settlement agreement, the appellant had received attorney fees for work performed from August 21 to September 13, 2017, and therefore that awarding fees based on work performed during those "overlap[ping]" dates would be duplicative.[3] A-3 AFD at 8-9. On review, the appellant argues that the administrative judge should not have reduced her claimed hours. A-3 PFR File, Tab 1 at 10-14. Alternatively, she argues that, even if a reduction were appropriate, the administrative judge's reduction of $2,250 was excessive and unjustified. *Id.* at 8, 14-15. She asserts that she only claimed $405 in fees for the disputed period. *Id.* We agree that the administrative judge's reduction was excessive.

As explained above, in February 2018, the parties entered into a settlement agreement resolving the appellant's second fee petition. A-2 AFF, Tab 11 at 4. A settlement agreement is a contract and is interpreted in accordance with contract law. *See Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). In construing the terms of a settlement agreement, the words of the agreement are of paramount importance. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010) (citing *Greco*, 852 F.2d at 560). The Board will consider parol evidence only if the agreement is ambiguous. *Id.* The terms of an

---

[3] Although not specified in the addendum initial decision, the administrative judge appears to either have miscalculated the hours claimed in the period at issue or applied a 31% reduction to the lodestar. In any event, the administrative judge must identify the hours eliminated and give a clear explanation for their elimination. *Casali v. Department of the Treasury*, 81 M.S.P.R. 347, ¶ 14 (1999). Thus, she erred in failing to provide a detailed explanation of how she arrived at the $2,250 figure. However, in light of our disposition here, we find it unnecessary to determine how she calculated this amount.

agreement are ambiguous as a result of differing interpretations as to the meanings or intent given to those terms by the parties only when the respective interpretations are both reasonable. *Id*.

Here, it is undisputed that the settlement agreement was enforceable and the appellant withdrew her second fee petition as consideration for receiving $15,173.60 in attorney fees. A-2 AFD at 1-2; A-2 AFF, Tab 11 at 4. Neither party has challenged the addendum initial decision that dismissed the appellant's prior fee petition as settled; that decision is now final. A-2 AFD at 12; *see generally Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013) (explaining that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the appeal as settled); 5 C.F.R. § 1201.113 (explaining that an initial decision generally becomes the Board's final decision 35 days after issuance, absent a petition for review). Instead, the appellant disagrees with the administrative judge's interpretation of the scope of the agreement. A-3 PFR File, Tab 1 at 8-14.

The administrative judge found that the entirety of the hours claimed from August 21 and September 13, 2017, included in the instant petition were encompassed by the parties' 2018 settlement agreement. A-3 AFD at 9. The appellant argues that, despite the overlap in dates, all of the fees claimed in the instant appeal were for compliance-related work in connection with the second petition for enforcement, which involved issues distinct from the claims involved in the first petition for enforcement, and thus were not covered by the settlement agreement.[4] *Id.* The first compliance initial decision became final on August 31, 2017. C-1 CID at 7-8. According to the appellant's second petition for enforcement, the appellant received a check for back pay from the agency on

---

[4] The agreement contained no requirement that the appellant waive any claim to attorney fees related to other matters, such as separate work performed for the appellant's second petition for enforcement and third fee petition. A-2 AFF, Tab 11 at 4.

September 5, 2017, that was insufficient.[5]  C-2 CF, Tab 1 at 5.  The agency's purported failure to pay the appellant the appropriate back pay amount at that time gave rise to the appellant's second petition for enforcement.  *Id*.  Thus, the back pay-related work performed prior thereto was reasonably related to the matters at issue in the appellant's second petition for attorney fees and covered by the February 2018 attorney fee settlement agreement.[6]  C-1 CID at 5; C-1 Erratum Order at 1-2; A-2 AFF, Tab 1 at 5-6, Tab 11 at 4.  Of the seven disputed entries, all but one—the entry dated September 12, 2017—was for work performed before the agency issued the September 5, 2017 back pay check.  A-3 AFF, Tab 1 at 14; C-2 CF, Tab 1 at 5.  The appellant's attorney described the work performed for this period as concerning back pay.  A-3 AFF, Tab 1 at 14; C-1 CID at 1-3; C-2 CID at 1-2.  Therefore, we find that the six entries for work performed from August 21 to September 1, 2017, were encompassed by the appellant's settlement agreement and her request for those fees is duplicative.[7]

As a result, we exclude the 1.1 hours of work and the 0.1 hours of work the associate attorney and named partner billed, respectively, for August 21 through September 1, 2017, from the lodestar calculation, reducing the associate attorney's number of reasonable hours from 21 to 19.9 hours and the named partner's reasonable hours from 2 to 1.9 hours.  A-3 AFF, Tab 1 at 12-17, Tab 5 at 9-11.  After multiplying the associate attorney's 19.9 hours billed by her rate of

---

[5] The appellant apparently received no further notice of compliance from the agency before she filed her second petition for enforcement on October 17, 2017.  *Id*. at 7-11.

[6] The agency discusses the appellant's second petition for enforcement in a filing titled "2018 1-30 Agency Response to Enforcement Petition," dated January 30, 2018, that the agency submitted to the appellant's second fee petition file; however, that filing appears to have been intended for the C-2 compliance file.  A-2 Tab 10; C-2 CF, Tab 9 (appellant's February 6, 2018 reply to the agency's response to the petition for enforcement).

[7] As to the appellant's apparent arguments that her attorneys did not double bill for work performed outside of the disputed time frame, the administrative judge found no such duplicate billing and did not reduce the appellant's attorney award on that basis.  A-3 AFD at 8-14; A-3 PFR File, Tab 8-14.

$300, and the named partner's 1.9 hours billed by his rate of $450 per hour, we find that the lodestar calculation is $6,825.00. The administrative judge identified no other basis for reducing the lodestar. *See, e.g.*, *Driscoll*, 116 M.S.P.R. 662, ¶¶ 10, 16 (explaining that it may be appropriate to reduce the lodestar to reflect a party's failure to obtain all the relief he requested). Accordingly, we find that the administrative judge's inexplicable reduction of $2,250 was in error and that the appellant is entitled to $6,825.00 in attorney fees.

Finally, the appellant requested $7.11 in costs relating to postage paid for filings related to the second petition for enforcement and the third petition for attorney fees. A-3 AFF, Tab 1 at 12, 18-20, Tab 5 at 9. The administrative judge found the appellant's claimed costs were reasonable. A-3 AFF at 9. We agree. *See Social Security Administration v. Balaban*, 33 M.S.P.R. 309, 323 (1987) (identifying postage as a cost recoverable under 5 U.S.C. § 7701(g)(1)). However, as the record reflects that the appellant only requested $7.11 in costs, the administrative judge appeared to make a typographical error in awarding the appellant $12.11 in costs. A-3 AFD at 9; A-3 AFF, Tab 1 at 12, 18-20, Tab 5 at 9. We modify the addendum initial decision in this regard. Accordingly, we find that the appellant is entitled to $6,825.00 in attorney fees and $7.11 in costs, for total award of $6,832.11.

## ORDER

We ORDER the agency to pay the attorney of record $6,832.11 in fees and costs. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help

it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               _Jennifer Everling_
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.