**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEFFREY FORSYTHE,
   Appellant,

  v.

DEPARTMENT OF HOMELAND
 SECURITY,
   Agency.

DOCKET NUMBERS
SF-0752-20-0266-C-1
SF-0752-20-0266-X-1

DATE: April 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher H. Bonk, Esquire, Gary M. Gilbert, Esquire, and
 Renn C. Fowler, Esquire, Silver Spring, Maryland, for the appellant.

Eric William Kaplan, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The agency has filed a petition for review and the appellant has filed a cross petition for review of the compliance initial decision, which found that the agency was in partial noncompliance with the parties' settlement agreement in *Forsythe v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

0266-I-1. While the administrative judge's findings of partial compliance and partial noncompliance were docketed as separate matters by the Clerk of the Board, we JOIN the two matters under 5 C.F.R. § 1201.36 and address them both in this decision.[2] For the reasons we discuss below, we GRANT the agency's petition for review, VACATE the finding ordering the agency to recalculate the appellant's outside earnings using a different methodology, DENY the appellant's cross petition for review, and DISMISS the appellant's petition for enforcement as moot.

## BACKGROUND

The appellant, who alleged that he was forced to resign from his position with the agency in 2017, entered into a settlement agreement with the agency by which he was returned to work in 2021, and was retroactively placed on alternating 6-month periods of leave without pay (LWOP) and a pay status for the 3½ years between his resignation and his reinstatement. *Forsythe v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0266-I-1, Initial Appeal File (IAF), Tab 38 at 7-8. For the periods that he was in a pay status, which were typically the last 6 months of each covered calendar year, the agency agreed to pay the appellant "the appropriate amount of back pay, commensurate with the [a]gency's Management Directive No. 1100.55-10, *Back Pay*, and the [a]gency's Handbook to MD 1100.55-10." *Id.*

To facilitate the computation of back pay, the appellant provided the agency with his annual earnings statements from American Airlines, where he had been working while separated from the agency. *Forsythe v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0266-C-1, Compliance File (CF), Tab 4 at 49, 64-66; Hearing Recording (HR) (testimony of the agency's

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and will not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory requirement; therefore, we join them here.

subject matter expert).  In calculating the amount of back pay for each 6-month period provided for in the settlement agreement, the agency divided the appellant's annual earnings from American Airlines in half, and deducted that amount from the amount that the appellant would have received had he been employed by the agency during the same time period.  HR (testimony of the agency's subject matter expert); CF, Tab 4 at 49.  Based upon these calculations, the agency determined that the appellant's outside earnings were greater than the amount he would have earned from the agency, and therefore, the appellant was not entitled to back pay.  HR (testimony of the agency's subject matter expert); CF, Tab 4 at 49.  The agency notified the appellant of its back pay calculation, and the parties engaged in several communications in which the appellant challenged the appropriateness of the back pay calculation.  CF, Tab 1 at 38-45.

The appellant then filed a petition for enforcement with the Board, challenging the agency's calculation of his back pay.  *Id.* at 8-10.  Among other things, the appellant argued for the first time that by splitting his annual earnings in half, the agency had unfairly distorted his outside earnings, because he received his bonuses at American Airlines in the first half of the year, which coincided with the periods he was in LWOP status, and not the periods during which he was in pay status.  *Id.*  Thus, the appellant asserted that the agency should have used a paycheck-to-paycheck comparison in order to avoid a detrimental distortion.  *Id.*

After holding a hearing, the administrative judge issued a compliance initial decision finding that the agency was in partial noncompliance with the settlement agreement.  CF, Tab 35, Compliance Initial Decision (CID).  First, the administrative judge found that the agency's methodology for calculating the appellant's outside earnings, i.e., splitting the annual earnings in half, was appropriate given that it was the appellant who provided the agency with his annual earnings statements, and it was reasonable for the agency to use the documentation it had in its calculations.  CID at 8-10.  Furthermore,

the administrative judge noted that the appellant did not challenge the agency's methodology until he filed the petition for enforcement, and did not provide the agency with his individual paystubs until his prehearing submissions. CID at 10. Thus, the administrative judge found that the agency did not breach the settlement agreement in its calculations of the appellant's outside earnings. *Id.* Nevertheless, she found that a "correction [was] in order," because the agency's subject matter expert testified that he would have used the appellant's more nuanced earnings information had he had access to it. *Id.*

Then, the administrative judge considered the appellant's other arguments, and found that the appellant did not establish that the agency breached the settlement agreement when it did not include performance-based pay increases, other cash awards, overtime, per diem allowances, and interest in its calculation of the appellant's back pay. CID at 17-24. She also denied the appellant's claim that the agency breached the settlement agreement by improperly reducing his night differential pay by using a sample year, i.e., the year prior to his resignation, which was not a fair representation of his typical schedule because he had taken a significant amount of LWOP that year. CID at 12-13. However, the administrative judge did find that the agency breached the settlement agreement when it failed to properly calculate back pay for two pay periods (one in 2019 and one in 2020), and failed to incorporate performance-based cash bonuses into its back pay calculation. CID at 10-12, 15-16. Thus, the administrative judge ordered the agency to recalculate the appellant's outside earnings, pay him the appropriate amount for the two pay periods, pay him performance-based cash bonuses, and based on those calculations, assess whether the appellant was entitled to receive automatic 1% agency contributions to his Thrift Savings Plan. CID at 28.

The agency filed a notice of partial compliance and a petition for review, stating that it has complied with all of the actions ordered by the administrative judge except issuing the appellant back pay based on the recalculation of his

outside earnings, arguing that it should not be required to recalculate his outside earnings because it did not breach the settlement agreement.[3] Petition for Review (PFR) File, Tab 1 at 4-9. The appellant has filed an opposition to the agency's petition for review, arguing, in part, that it was the agency that was responsible for calculating his back pay, and thus, it could have directed the appellant to provide more detailed information. PFR File, Tab 3 at 7, 14. The appellant has also filed a cross petition for review, arguing, among other things, that the agency breached the settlement agreement when it improperly calculated his outside earnings, excluded overtime and per diem allowances from his back pay, and improperly reduced his night differential pay by using a sample year that was not representative of his regular schedule. PFR File, Tab 3 at 12-23. The agency has filed a reply to the appellant's response in opposition to its petition for review, PFR File, Tab 5, as well as an opposition to the appellant's cross petition for review, PFR File, Tab 6.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency's petition for review is granted because the administrative judge erred in ordering the agency to recalculate the appellant's outside earnings.</u>

The agency argues that the administrative judge erred in ordering a recalculation of the appellant's outside earnings based on a paycheck-to-paycheck comparison because it did not breach the settlement agreement by using its original methodology. PFR File, Tab 1 at 4-9. Conversely, in his cross petition for review, the appellant argues that the agency breached the settlement

---

[3] The agency does not dispute the administrative judge's findings regarding the two pay periods and the performance-based cash bonuses. PFR File, Tab 1 at 9-11.

[4] The administrative judge's findings of noncompliance were docketed by the Clerk of the Board as MSPB Docket No. SF-0752-20-0266-X-1. *Forsythe v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0266-X-1, Compliance Referral File (CRF), Tab 2. The appellant's arguments on review challenging the administrative judge's findings of compliance retain their original docket number, MSPB Docket No. SF-0752-20-0266-C-1. PFR File, Tab 2.

agreement by failing to use a paycheck-to-paycheck comparison in order to calculate his outside earnings. PFR File, Tab 3 at 12-14.

The administrative judge correctly found that the agency did not breach the settlement agreement by using its original methodology to calculate the appellant's outside earnings because such methodology was reasonable based on the documentation provided by the appellant. ID at 8-10. The Board has found that an agency cannot be found to be noncompliant when it is the appellant who is the source of that noncompliance. *See Coe v. U.S. Postal Service*, 101 M.S.P.R. 575, ¶¶ 5, 13 (finding the agency in compliance with a settlement agreement when it was the appellant who caused the delay in the processing his back pay award because he failed to sign the necessary paperwork) *aff'd*, 208 F. App'x. 932 (Fed. Cir. 2006); *Boyd v. Department of Veterans Affairs*, 93 M.S.P.R. 386, ¶¶ 5-7 (2003) (finding the agency in compliance with the Board's orders because it was the appellant who was responsible for the agency's delay in her back pay award). Here, the appellant provided the agency with his annual earnings statements, and it was reasonable for the agency to use the appellant's documentation to calculate the appellant's outside earnings. HR (testimony of the agency's subject matter expert); CF, Tab 4 at 39-45. Furthermore, the appellant did not challenge the agency's methodology for calculating his outside earnings until he filed his petition for enforcement, despite engaging in a lengthy back-and-forth communication with the agency regarding his numerous objections to the back pay calculation. CF, Tab 1 at 38-45. Indeed, the appellant did not provide the agency with his individual paystubs until the prehearing submissions, a necessity for the agency to complete the paycheck-to-paycheck comparison that the appellant was demanding. CF, Tab 18 at 76-118.

The appellant has provided no explanation as to why he did not provide the agency with the information to calculate his outside earnings in the manner he believed appropriate. Instead, the appellant claims that it was the responsibility of the agency to calculate his back pay, and thus, the agency could have directed

him to produce more detailed documentation. PFR File, Tab 3 at 7, 14. But the agency would have had no reason to know that the bonus schedule of American Airlines coincided with the periods the appellant was in LWOP status, and thus, the onus was on the appellant to provide the agency with the information that the appellant deemed necessary.

In sum, we find that the agency did not violate the settlement agreement by calculating the appellant's outside earnings using its original methodology. Thus, it was improper for the administrative judge to order a correction. ID at 10, 28. Accordingly, we vacate the order requiring the agency to recalculate the appellant's outside earnings.

The appellant's cross petition for review is denied because he has provided no basis to disturb the administrative judge's findings.

In his cross petition for review, the appellant reiterates his argument that the agency breached the settlement agreement by excluding overtime and per diem expenses from his back pay, and by using an unfair sample year in its calculation of his night differential pay to improperly reduce the total amount of back pay. PFR File, Tab 3 at 14-23. Because the agency's actions are not contrary to the terms of the settlement agreement, the administrative judge correctly found that the agency did not breach it. CID at 12-13, 17-24

A settlement agreement is a contract, the interpretation of which is a matter of law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). Under the general principles of settlement construction, the words of the agreement itself are of paramount importance. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 5 (2011). In construing the terms of a settlement agreement, the Board examines the four corners of the agreement to determine the parties' intent. *Id.* The parties are bound by the terms of their settlement. *Id.* Here, the relevant portion of the settlement agreement states that "the [a]gency will pay [the a]ppellant the appropriate amount of back pay, commensurate with the

[a]gency's Management Directive No. 1100.55-10, *Back Pay*, and the [a]gency's Handbook to MD 1100.55-10." IAF, Tab 38 at 7-8.

The Handbook sets forth in detail the items that must be included in computing back pay, including any gross pay, certain types of compensation increases, and certain types of incentives, i.e., retention incentives. CF, Tab 4 at 29-30. It does not include any reference to overtime pay, per diem allowance,[5] or night differential pay. *Id.* In fact, no section of the Management Directive or the Handbook requires the agency to include any of these items in its back pay calculation. Thus, the agency's exclusion of overtime pay and per diem allowances, as well as its calculation of the night differential pay, is "commensurate" with its Handbook and Management Directive, because the Handbook and Management Directive are silent on these topics. Accordingly, the agency's actions were commensurate with both the Handbook and Management Directive, and therefore, the agency did not breach the terms of the parties' settlement agreement.

In conclusion, the agency abided by the terms negotiated by the parties because its actions are within the parameters of the agency's Management Directive and Handbook.[6] Thus, as correctly found by the administrative judge,

---

[5] We fail to see how a per diem allowance, which is predicated on an employee's travel as it is a reimbursement for anticipated travel expenses, could be part of the agency's back pay calculation, as the appellant was not travelling during the relevant time periods.

[6] The appellant also argues that the agency breached the settlement agreement because it did not use the same standard in calculating his back pay and his outside earnings. PFR File, Tab 3 at 14-17. In other words, the appellant argues that because the agency excluded certain types of pay from its back pay calculations, i.e., bonuses, overtime, and per diem, then the agency should also have excluded those categories from his outside earnings. *Id.* at 16-17. As correctly noted by the administrative judge, CID at 7 n.2, the Handbook sets forth different standards for computing back pay and computing outside earnings, CF, Tab 4 at 29-30. Thus, the agency's use of two different standards is consistent with the Management Directive and the Handbook, and does not constitute a breach of the settlement agreement.

the appellant failed to establish that the agency breached the settlement agreement with respect to these issues. CID at 12-13, 17-24.

Because the agency has produced evidence that it complied with the remaining ordered actions, we dismiss the petition for enforcement as moot.

In its notification of partial compliance, the agency stated that it had "complied with all actions except for the issuance of a payment" which would be required based on the recalculation of the appellant's outside earnings. PFR File, Tab 1 at 4. The agency attached a sworn statement from a subject matter expert explaining that she recalculated the appellant's back pay in accordance with the compliance initial decision, i.e., correcting the two pay periods and including performance-based cash bonuses. *Id.* at 13-16. The agency also included documentation showing the updated back pay recalculation with the two corrected pay periods. *Id.* at 17-25. The appellant does not dispute the agency's calculation of the two pay periods or the performance-based cash bonuses,[7] disputing instead the agency's estimation of his back pay based on the recalculated outside earnings. *Forsythe v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0266-X-1, Compliance Referral File, Tab 3.

Accordingly, because we have vacated the finding requiring the agency to recalculate the appellant's outside earnings, there is no further relief that the Board can provide in the context of the appellant's claims in these compliance proceedings. Thus, we must dismiss the appellant's petition for enforcement as moot. *See Allen v. Department of Veterans Affairs*, 110 M.S.P.R. 111, ¶ 3 (2008) (recognizing that a petition for enforcement is moot when there is no effective remedy that the Board can provide); *Adair v. U.S. Postal Service*, 69 M.S.P.R.

---

[7] While we acknowledge that the appellant asserted that his ability to respond to the notice of compliance was "limited" because the agency did not attach documentation related to its calculation of the performance-based cash awards, he does not dispute the statements regarding the calculation of the monetary amount of the awards. CRF, Tab 3 at 4-10.

431, 435 (1996) (concluding that a matter is moot when the Board can grant no meaningful or effective relief).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the compliance initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the compliance initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.