## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM E. KNOLES,
          Appellant,

DOCKET NUMBER
DA-0752-19-0410-C-1

v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William E. Knoles</u>, Shawnee, Oklahoma, pro se.

<u>W. David Vernon</u>, Esquire, Tinker Air Force Base, Oklahoma, for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the compliance initial
decision, which denied his petition for enforcement. Generally, we grant
petitions such as this one only in the following circumstances: the initial decision
contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On July 7, 2019, the appellant filed a Board appeal challenging a reduction in grade and pay under 5 U.S.C. chapter 75. *Knoles v. Department of the Air Force*, MSPB Docket No. DA-0752-19-0410-I-1, Initial Appeal File (IAF), Tab 1 at 4, 6, Tab 8 at 36. Effective November 28, 2019, the parties entered into a settlement agreement resolving the appeal. IAF, Tab 26. Among other things, the agency agreed to "submit a request to RESTORE eighty (80) hours of sick leave to Appellant to [the Defense Finance Accounting Service (DFAS)] within thirty (30) days of the effect [sic] date of this agreement." *Id.* at 4 (capitalization as in original). The administrative judge then issued an initial decision dismissing the appeal as settled and entering the settlement agreement into the record for enforcement purposes. IAF, Tab 27. Neither party petitioned for review, and the initial decision became the final decision of the Board. *See* 5 C.F.R. § 1201.113.

On February 9, 2020, the appellant filed a petition for enforcement, alleging that the agency failed to restore the 80 hours of sick leave as agreed.

*Knoles v. Department of the Air Force*, MSPB Docket No. DA-0752-19-0410-C-1, Compliance File (CF), Tab 1. The agency responded, submitting evidence and argument to show that the appellant originally had a sick leave balance of negative 80 hours on January 4, 2020, and that, on January 29, 2020, DFAS retroactively restored 80 hours of sick leave, bringing the appellant's leave balance on that date to zero. CF, Tab 4 at 4-7, 9, 14. The appellant responded, stating that he wished to withdraw from the settlement agreement because he was "not satisfied with the resolutions that were agreed upon," and that the agency "continues to play games" with him. CF, Tab 5 at 3.

The administrative judge then issued a compliance initial decision, denying the petition for enforcement on the basis that the appellant failed to establish that the agency was in noncompliance. CF, Tab 6, Compliance Initial Decision (CID). She further found that, to the extent that the appellant was attempting to challenge the validity of the settlement agreement, he would need to do so in a petition for review of the initial decision that dismissed the appeal as settled. CID at 3. The appellant has filed a petition for review of the compliance initial decision, alleging that the agency did not pay him for the restored sick leave. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## ANALYSIS

The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). The appellant, as the party alleging noncompliance, bears the burden of proving by preponderant evidence that the agency breached the agreement. *Id.* The agency, however, must respond to specific allegations of breach with relevant evidence showing that it complied or there was good cause for noncompliance. *Dougherty v. Department*

*of Agriculture*, 99 M.S.P.R. 161, ¶ 9 (2005). A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).

In this case, there does not seem to be any serious dispute that the agency, through DFAS, restored 80 hours to the appellant's sick leave balance as agreed. IAF, Tab 4 at 5; PFR File, Tab 4 at 4. However, the agency does not appear to dispute the appellant's assertion that he has not received any pay for the restored hours. PFR File, Tab 1 at 6.

As an initial matter, we find that the appellant did not explicitly raise this issue below, citing only the provision of the settlement agreement that he believes was violated, without explaining the nature of the alleged violation. CF, Tab 1 at 3. The Board normally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The Board has repeatedly applied this principle to compliance proceedings. *Allison v. Department of Transportation*, 111 M.S.P.R. 62, ¶ 9 (2009).

Furthermore, the record shows that the appellant's negative sick leave balance was the result of him using more sick leave than he had accrued. CF, Tab 4 at 14; *see generally* 5 C.F.R. § 630.402 (advanced sick leave). Presumably, the appellant was paid for this advanced sick leave when he used it; otherwise, it would have been recorded as leave without pay and not counted against his sick leave balance. When DFAS restored the 80 hours of sick leave, this had the effect of liquidating the advanced sick leave, thereby restoring the appellant's leave balance to zero, consistent with the Office of Personnel Management's guidance for such situations. *See* Office of Personnel Management, Fact Sheet: Advanced Sick Leave, https://www.opm.gov/policy-data-oversight/pay-leave/leave-administration/fact-sheets/advanced-sick-leave/ (last visited July 22, 2024). Had the appellant received pay for these 80 hours of restored leave, it would have

had the effect of giving him two payments for the same 80 hours of time—one payment when he took the advanced sick leave and another when the leave was restored. We find no indication in the language of the settlement agreement, which is patently unambiguous with respect to restoration of sick leave, that the parties agreed to this arrangement. IAF, Tab 26 at 4. The Board will not imply a term into an agreement that is unambiguous. *Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005).

The appellant appears to argue that, in the absence of such a payment, he has received no benefit from the restoration of his sick leave balance. PFR File, Tab 1at 6, Tab 4 at 6. This is not true. The negative leave balance liquidated by the 80 hours of restored sick leave represented a debt that he would otherwise likely have had to pay off through accruing a net positive balance of sick leave over time or satisfy with a monetary deduction or repayment upon separation from service. CF, Tab 4 at 14; PFR File, Tab 1 at 5; *see* 5 C.F.R. § 630.209. We find that the restoration of the appellant's leave balance, as provided in the settlement agreement, constituted a significant tangible benefit to him, and for the reasons explained in the compliance initial decision, we agree with the administrative judge that the agency has satisfied its obligations in this regard.

# NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.